IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARILYN K. LEE, | ) |
|              Plaintiff, | ) |
| v. | ) |
| | ) Case No.  17 CV 218 |
| DOWNTOWN CLEANERS, INC., an Illinois corporation, and GRACE CHANG, | ) Judge Shadur |
|              Defendants. | ) |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff Marilyn K. Lee ("Plaintiff") and Defendants Downtown Cleaners, Inc. ("Downtown") and Grace Chang ("Chang") ("Defendants") (collectively "the Parties"), by and through undersigned counsel, hereby jointly request that the Court approve the Parties' executed settlement agreement ("Settlement Agreement"). In support of this Joint Motion, the Parties state as follows:

1. Plaintiff alleges that Defendants violated the wage-and-hour provisions of the Fair Labor Standards Act (hereinafter "FLSA") by depriving Plaintiff of lawful wages and overtime wages.

2. Plaintiff also asserts state law claims for unpaid wages pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*

3. Pursuant to the FLSA, claims for back wages and other damages arising out of the FLSA may be settled or compromised with the approval of a Federal District Court or the United States Department of Labor. 29 U.S.C. § 216(c); *Walton v. United Consumers Club, Inc.*, 786

F.2d 303, 306 (7th Cir. 1986); *O'Brien v. Encotech Const. Servs., Inc.*, 203 F.R.D. 346, 348-349 (N.D. Ill. 2001).

4. This Court may enter a stipulated judgment dismissing the case after examining the Settlement Agreement to ensure that it is a fair and reasonable resolution of a bona fide dispute under the FLSA. *See Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *see also Walton*, 786 F.2d at 306.

5. The Parties jointly confirm that they had a bona fide dispute under the FLSA. Defendants assert, and continue to assert, that they did not violate the FLSA, and that they had reasonable grounds to believe that they were in compliance with the FLSA.

6. In this case, Plaintiff was represented by competent counsel with experience in FLSA issues. The Parties developed independent calculations of the potential exposure based upon the exchange of relevant information, including evidence of the time Plaintiff worked. After engaging in settlement negotiations, including the exchange of multiple email communications setting forth each side's view of the case, the Parties reached a fair and reasonable compromise resolution of Plaintiff's claims.

7. As reflected in Plaintiff's pleadings, Plaintiff worked for Downtown from 2013 until November 2014. *See* Complaint, ¶ 3. Thus, the potential exposure to liability for Plaintiff's alleged claims for unpaid wages and overtime pay, which Defendants dispute, is reasonably accounted for in the Settlement Payment provided under the Settlement Agreement.[1]

8. Plaintiff has represented in the Settlement Agreement that, as a result of the consideration provided by Defendants, she has been paid all minimum wages and overtime wages due and owing to her during the relevant period.

---

[1] The Parties are submitting a copy of the Parties' Settlement Agreement for *in camera* review under separate cover.

9. In the interest of resolving this matter without the need for, or the risks and costs associated with, further litigation, the Parties agreed to compromise and resolve the disputed claims.

10. Subject to the Court's approval of the Settlement Agreement, Plaintiff and Defendants hereby stipulate to the dismissal of Plaintiff's claims in this action, with prejudice, with each side to bear its own costs and attorneys' fees, except as set forth in the Settlement Agreement. For the Court's review, the Parties have attached their Stipulation of Dismissal, should the Court approve settlement. *See* Exhibit 1.

WHEREFORE, Plaintiff and Defendants respectfully request that the Court review and approve the terms of the Settlement Agreement, and jointly request entry of an Order by this Court dismissing Plaintiff's claims against Defendants with prejudice.

Dated: March 24, 2017

| By: | */s/ Brian M. Dougherty*<br>Donald S. Rothschild<br>Brian M. Dougherty<br>Goldstine, Skrodzki, Russian, Nemec, and Hoff, Ltd.<br>835 McClintock Drive, 2nd Floor<br>Burr Ridge, Illinois 60527<br>*Attorneys for Plaintiff* | By: | */s/ Sylvia Bokyung St. Clair*<br>David L. Weinstein<br>Sylvia Bokyung St. Clair<br>Faegre Baker Daniels LLP<br>311 S. Wacker Drive, Suite 4300<br>Chicago, Illinois 60606<br>*Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2017, I electronically filed the foregoing **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT** with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the attorneys listed below:

>Donald S. Rothschild
>Brian M. Dougherty
>bmd@gsrnh.com
>Goldstine, Skrodzki, Russian, Namec and Hoff, Ltd.
>835 McClintock Drive, Second Floor
>Burr Ridge, IL 60527

>s/Sylvia Bokyung St. Clair
>Sylvia Bokyung St. Clair